Jorge Gonzalez (CBN 100799)
A PROFESSIONAL CORPORATION
2485 Huntington Drive, Suite 238
San Marino, California 91108
T – 626-328-3081
C – 213-598-3278
E-mail: jggorgeous@aol.com

Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TRACY EVANSON, individually and as Guardian ad Litem of ESSENCE GUSS, JOURNEY ROJAS, and SHILO ROJAS,** ) | **Case No.:** |
| ) | **COMPLAINT FOR DAMAGES** |
| **Plaintiffs,** ) | **1. Illegal Search and Seizure in Violation of 4th Amendment [Title 42 U.S.C. §§ 1983, 1988];** |
| **vs.** ) | **2. Violation of Federal Civil Rights by Public Entity [Title 42 U.S.C. §§ 1983, 1988].** |
| **COUNTY OF LOS ANGELES, a public entity; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; CHRISTOPHER CONLEY (#519471); and DOES 1 through 10, inclusive, individually and in their official capacity as deputy sheriffs,** ) | |
| ) | **DEMAND FOR JURY TRIAL** |
| **Defendants.** ) | |

## JURISDICTION AND VENUE

1.     Jurisdiction is conferred upon this Court by Title 28, United States Code §§ 1331 and 1343, and arises under Title 42, United States Code §§ 1983 and 1988.

2.     The acts complained of arose within the Central District of California therefore venue properly lies here pursuant to 28 U.S.C. § 1391. One or more of the Defendants resides in or has its principle place of business in Los Angeles County.

1

**PARTIES**

3.    Plaintiffs TRACY EVANSON, ESSENCE GUSS, JOURNEY ROJAS, and SHILO ROJAS are, and at all times material herein were residents of Los Angeles County.

4.    At all times material herein, Defendant COUNTY OF LOS ANGELES was and is a public entity duly organized and chartered under the laws of the State of California, and was responsible for the hiring, training, and supervising of the conduct of its employees and agents of the COUNTY OF LOS ANGELES, and its SHERIFF'S DEPARTMENT, and all of its deputies and members. These Defendants are a "person" and subject to suit within the meaning of Title 42, U.S.C. § 1983 under *Monell v. New York Dept. of Social Serv.*, 436 U.S. 658, 691 (1978).

5.    At all times material herein, said Defendants COUNTY OF LOS ANGELES and the LOS ANGELES COUNTY SHERIFF'S DEPARTMENT were responsible for the employment, training, and supervision of the actions, conduct, policies, practices, and customs of the employees and agents of the COUNTY OF LOS ANGELES, including its SHERIFF'S DEPARTMENT and all of its deputies and members. At all times material herein, Defendants COUNTY OF LOS ANGELES and the LOS ANGELES COUNTY SHERIFF'S DEPARTMENT were responsible for assuring that the actions, conduct, policies, procedures, and customs of the SHERIFF'S DEPARTMENT complied with the laws and the Constitutions of the United States and of the State of California.

6.    Plaintiffs are informed and believe, and based thereon hereby allege that Defendants COUNTY OF LOS ANGELES and the LOS ANGELES COUNTY SHERIFF'S DEPARTMENT were responsible for implementing, maintaining, sanctioning, or condoning a policy, custom or practice, causing or permitting the types of wrongs set forth herein, and upon which the wrongful or illegal acts hereinafter complained of occurred. By reason of this policy, custom or practice, Defendants COUNTY OF LOS ANGELES and the LOS ANGELES COUNTY

2

COMPLAINT FOR DAMAGES

SHERIFF'S DEPARTMENT are liable for the injuries and damages hereinafter complained of under the principles set forth in *Monell v. New York City Department of Social Services,* 436 U.S. 658 (1978), and *City of Canton v. Harris*, 489 U.S. 378 (1989).

7. Plaintiffs are informed and believe, and based thereon hereby allege that at all times material herein, Defendants CHRISTOPHER CONLEY, and DOES 1 through 10, inclusive, were each duly appointed and acting Sheriff's Deputies employed as such by the Defendants COUNTY OF LOS ANGELES and the LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, and at the time of the acts hereinafter complained of, each said Defendant was acting within the course and scope of such employment and under the color of law. Plaintiffs sue each of these Defendants both in their official and individual capacities.

8. The true names of Defendants DOES 1 through 10, inclusive, are not now known to Plaintiffs who therefore sue said Defendants by such fictitious names, but upon ascertaining the true name of a DOE Defendant, Plaintiffs will amend this complaint, or seek leave to do so, by substituting same for said fictitious name. Plaintiffs are informed and believe, and based thereon allege, that each DOE Defendant is in some manner responsible for the injuries and damages herein complained of.

9. At all times material herein, Defendants were each acting as the employee, agent representative, and officer of every other Defendant herein, and within the course and scope of such employment and agency.

## FACTS COMMON TO ALL COUNTS

10. On June 22, 2017, at approximately 4:52 a.m., Plaintiffs TRACY EVANSON, ESSENCE GUSS, JOURNEY ROJAS, and SHILO ROJAS were asleep at their home located at 935 Bradford Street, Pomona, California, when they heard 7 to 8 loud bangs at the door, along with someone yelling "L.A. County Sheriff" simultaneously with the pounding.

3

COMPLAINT FOR DAMAGES

11. The loud pounding on the door startled all the occupants, including Plaintiffs and a family friend who was staying over. Not knowing what was happening, they were in complete terror. As Plaintiff TRACY EVANSON sat up in bed, she heard a second series of banging and someone yelling "935 Bradford Street OPEN UP."

12. The second round of knocks woke up the children who were sleeping on the couch approximately 10 feet from the front door. Numerous unidentified deputies, sued herein as DOES 1 through 5, then broke the front door in and made entry into the home, dressed in tactical gear and armed with firearms.

13. Plaintiff JOURNEY ROJAS, TRACY EVANSON'S then 21-year-old daughter, was terrified and ran into her Mother's bedroom in a state of panic, believing someone was attempting to break into the home. TRACY EVANSON'S then 16-year-old son, SHILO ROJAS, froze on the couch and immediately put his hands in the air. Plaintiff TRACY EVANSON also froze in the doorway, as she witnessed numerous officers dressed in tactical gear (whose identities are presently unknown but are sued herein as DOES 1 through 5) and shining lights, yelling, and pointing guns at everyone.

14. Within 20 seconds of making entry into the home, Plaintiff SHILO ROJAS was handcuffed and removed from the home. Plaintiff TRACY EVANSON was also removed from the home and made to stand next to her handcuffed son. At the time, she was in a panicked state, not knowing where her daughters ESSENCE GUSS and JOURNEY ROJAS were. Apparently, they had taken shelter in a closet, and not knowing the invaders were officers, were refusing to come out. Plaintiff TRACY EVANSON informed the deputies of their names, and they began calling out "ESSENCE AND JOURNEY COME OUT." The daughters eventually came out of hiding, terrified, and were escorted out of the home with their hands on their heads. The family friend JACQUELINE PRINGLE was also escorted out of the house.

4

15. Plaintiff ESSENCE GUSS was then 21 years old, but was considered a Special Needs child because she has Cerebral Palsy, suffered from a seizure disorder, and was developmentally delayed, intellectually functioning as a 9 year-old. When she came outside and fell into her Mother's arms, she fainted and peed on herself. She was extremely traumatized.

16. Deputies then went through the home conducting a thorough search before leaving. Presumably they recovered some items, although the details of the result of their search are unknown to Plaintiffs. Before leaving, deputies informed Plaintiff TRACY EVANSON that they had a validly issued search warrant authorizing the search of the home. Plaintiffs were not given a copy of the warrant at the time.

17. Plaintiffs are informed and believe, and based thereon hereby allege that on June 14, 2017, Defendants CHRISTOPHER CONLEY, who was acting as a Detective for the Los Angeles County Sheriff's Department, and DOES 6 through 8, obtained a warrant for the search of Plaintiffs' home in reliance upon an affidavit that did not supply probable cause for the search, and which was obtained by misleading the issuing magistrate, by recklessly or intentionally making false statements of fact of a material nature, and by omitting true and accurate facts of which he was aware or should have been aware, which would have vitiated any statements purporting to support probable cause for the search.

18. Plaintiffs are informed and believe, and based thereon hereby allege that Detective CHRISTOPHER CONLEY was searching for a suspect named "Samuel Palacios," who was believed to be engaged in drug trafficking and related nefarious activities, including criminal street gang activities, but who was known to the Detective as being a resident of 8625 Haney Street, Pico Rivera, California.

19. Plaintiffs are informed and believe, and based thereon hereby allege that Defendant CHRISTOPHER CONLEY associated the suspect Samuel Palacios to Plaintiffs' home by alleging that Palacios had a stash house; per the affidavit

5

known as a "Trap House," where drugs are sold and or secreted, including weapons, and that it was located off "Kingsley," in Pomona, California.

20.    Plaintiffs' home, a three-bedroom single family home, is in Pomona at the corner of Bradford Street and Kingsley Avenue. Plaintiffs' home faces Bradford Street; hence, its street address is 935 Bradford St. Around the corner on East Kingsley Avenue, is a cottage residence. This cottage residence faces East Kingsley Avenue; hence, its street address is 185 East Kingsley Ave. Although on the same lot as Plaintiffs' home, the cottage residence is a separate structure not connected to Plaintiffs' home. Anyone observing the two residences in May and June 2017 would recognize the corner lot at Bradford and Kingsley has two separate *residences* and furthermore, the cottage residence at 185 East Kingsley was *not* an extension or part of Plaintiffs' home. See **Exhibits A** and **B** hereto, photographs of the Bradford and Kingsley residences.

21.    At one time the cottage residence had been a detached garage for the Bradford residence. However, some years before the June 2017 search, the previous owner of Plaintiffs' home and the lot on which it sits, had converted and remodeled the garage into a separate residence. The cottage residence had (and has) its own plumbing, and its own gas and electric utilities billing. Consequently, as of February 9, 2015, the Building and Safety Division of the City of Pomona recognized that the corner lot at Bradford St. and Kingsley Ave. had "*two* [residential] units," both "authorized," with the second being a " 'cottage' " residence "facing Kingsley Ave." See **Exhibit C**, February 9, 2015 "Memo For The file and for Public Information," Building and Safety Division for the City of Pomona.

22.    Consistent with the cottage's status as a separate residence, in 2016 and early 2017, Plaintiff TRACY EVANSON, the owner of the Bradford / Kingsley corner lot, rented out the cottage residence. As of May and June 2017, it was a matter of public record with the City of Pomona that Plaintiff TRACY EVANSON was the

COMPLAINT FOR DAMAGES

*landlord* of the cottage residence, that she was renting it out. See **Exhibit D**, true copy of Plaintiff TRACY EVANSON'S business license from the City of Pomona.

23.    Plaintiffs are informed and believe, and based thereon hereby allege that Defendant CHRISTOPHER CONLEY recklessly or deliberately misled the magistrate from whom he was applying for the warrant, by asserting false material facts, and omitting material facts, including but not limited to the following:

A. CONLEY drafted the affidavit to claim there was only one residence to search at the Bradford / Kingsley corner lot – Plaintiffs' – with the street address of 935 Bradford St. CONLEY did not disclose he knew there were *two separate* residences at the Bradford / Kingsley corner lot – Plaintiffs' three-bedroom home facing Bradford Street (street address of 935 Bradford St.), and around the corner facing Kingsley Avenue, the separate cottage residence of 185 East Kingsley Ave.

B. While CONLEY acknowledged the cottage residence in his affidavit, he did not describe it as such. Rather, in his affidavit CONLEY stated the cottage residence was a "garage" "made to appear as its own address at 185 East Kingsley, Pomona." That is, CONLEY swore that despite the separate address, the cottage residence was really a garage to the 935 Bradford Street residence and *not* its own residence.

C. CONLEY solidified his false and misleading description of the cottage as a "garage" and *not* a separate residence, by telling the magistrate it was "an unpermitted illegal residence." But as **Exhibits C** and **D** establish, the cottage was a "residence" not a garage, and a *lawful permitted* residence.

D. Plaintiffs are informed and believe and based thereon allege that before submitting his affidavit, CONLEY knew or should have known that Plaintiff TRACY EVANSON was the cottage residence's *landlord*, thus establishing she rented the cottage to others. See **Exhibit D**. CONLEY did not disclose this fact to the magistrate.

7

COMPLAINT FOR DAMAGES

E. Plaintiffs are informed and believe and based thereon allege that before submitting his affidavit to the magistrate, CONLEY checked law enforcement databases regarding the criminal history, if any, for Plaintiff TRACY EVANSON (the owner of record of the Bradford/Kingsley corner lot), and possibly other Plaintiffs. Plaintiffs are informed and believe and based thereon allege that CONLEY learned from the law enforcement databases there was *no criminal history* for any Plaintiff (other than a 1994 misdemeanor DUI conviction for TRACY EVANSON), *no gang affiliation* of any type, and no connection of any type between any Plaintiff and suspect Palacios. CONLEY did not disclose any of these facts to the magistrate.

F. Plaintiffs are informed and believe and based thereon allege that the City of Pomona Police Department utilizes a CAD system (*C*omputer *A*ided *D*ispatch) that tracts and records all calls for police and fire services to particular addresses, and that this CAD system provides a readily-available history of calls-for-service to persons like CONLEY. Plaintiffs are informed and believe and based thereon allege that CONLEY checked the Pomona Police Department's CAD system and found *no history* of calls for police services of any type, to the Bradford / Kingsley corner lot. CONLEY did not disclose this fact to the magistrate.

G. In his affidavit CONLEY stated that on multiple occasions, Palacios' mobile phone's GPS locator had placed the phone at *935 Bradford St.*, Pomona. In fact, Plaintiffs are informed and believe and based thereon allege that CONLEY knew that the phone's GPS locator could only place the phone in the area of the Bradford / Kingsley corner lot. That is, the GPS locator could *not* and did *not* identify the 935 Bradford residence as the phone's location; the GPS locator only provided the phone's GPS coordinates that, in turn, put the phone in or *near* **one** of the two separate residences at the Bradford / Kingsley corner lot. CONLEY did not disclose this fact to the magistrate.

COMPLAINT FOR DAMAGES

H. In his affidavit, CONLEY stated the Building and Safety Department had cited the homeowner for illegally converting the detached garage into a residence. In fact, the owner of the Bradford / Kingsley corner lot and residences thereon – Plaintiff TRACY EVANSON – has never been so cited. Instead, local authorities expressly authorized her to rent the cottage residence as a separate residence which she did. See **Exhibits C** and **D**.

I. Plaintiffs are informed and believe, and based thereon hereby allege that CONLEY surveilled the Bradford / Kingsley corner lot on June 8, 2017, and thus knew or should have known that an innocent, law-abiding family resided at 985 Bradford Street. CONLEY did not disclose this fact to the magistrate even though it was patently obvious such fact was highly material -- CONLEY was seeking permission for night time service of the warrant where the warrant's service would mean loud and aggressive entry by via force and violence, and with numerous heavily armed deputies prepared to use deadly force.

24.     CONLEY'S misrepresentations *and* omissions of material facts, were intended to say that (a) Palacios used the 935 Bradford Street home as a residence and *not* the cottage residence that CONLEY described as a "garage" "made to appear as its own address at 185 East Kingsley," and (b) any person residing at 935 Bradford Street was connected and associated with suspect Palacios so as to justify searching Plaintiffs' home at 935 Bradford St. In fact, CONLEY knew or should have known that Plaintiffs TRACY EVANSON, ESSENCE GUSS, JOURNEY ROJAS, and SHILO ROJAS lived as a law abiding traditional family unit, a mother and her children, with no connection of any type with suspect Palacios.

25.     As a result of CONLEY'S wrongful acts, on June 22, 2017, LASD deputies violated all Plaintiffs' right to be free from unreasonable searches by unreasonably interfering with and destroying Plaintiffs' real property and fixtures thereto, and Plaintiffs' personal property and personal effects, and/or causing the

COMPLAINT FOR DAMAGES

illegal interference with and destruction of Plaintiffs' real property and fixtures thereto, and Plaintiffs' personal property and personal effects, and/or were integrally involved in the illegal interference with and destruction of Plaintiffs' real property and fixtures thereto, and Plaintiffs' personal property and personal effects.

26. Plaintiffs are informed and believe and thereon allege that on or about June 22, 2017, all defendants illegally detained Plaintiffs, and/or caused the illegal detention of Plaintiffs, and/or were integrally involved in the illegal detention of Plaintiffs.

27. Plaintiffs are informed and believe and thereon allege that on or about June 22, 2017, all defendants subjected Plaintiffs to unreasonable force including but not limited pointing firearms at Plaintiffs, and/or caused Plaintiffs to be subjected to be unreasonable force, and/or were integrally involved in the use of unreasonable force against Plaintiffs.

28. Plaintiffs are informed and believe and thereon allege that all defendants violated plaintiffs' rights to equal protection of the laws under state and federal law because defendants' acts were proximately caused by racial, ethnic, class and economic biases against Plaintiffs and because of defendants' biases against the racial, ethnic, class and economic groups of which defendants believed Plaintiffs to be members.

29. Plaintiffs are informed and believe and thereon allege that all defendants violated Plaintiffs' rights to due process under both state and federal law by failing to comply with all appropriate provisions of state law, including, but not limited to California Constitution Article I, Sections 7 and 13, and Penal Code § 1531 and thereby are liable to Plaintiffs under 42 U.S.C. §1983, and/or caused the violation of Plaintiffs' rights and/or were integrally involved in the violation of Plaintiffs' rights.

30. The violations of Plaintiffs' rights force caused Plaintiffs special and general damages, physical injuries and extreme emotional distress including but not

COMPLAINT FOR DAMAGES

limited to fright, shock, embarrassment, anger, and other emotional distress. Plaintiff ESSENCE GUSS later required therapy.

## CHARGING ALLEGATIONS

## FIRST CLAIM OF RELIEF

### (4th Amendment/42 U.S.C. § 1983) (Against all Defendants)

31.    Plaintiffs are informed and believe and thereon allege that the conduct of each defendant violated the right of each Plaintiff to be secure in home, person, and effects against unreasonable searches and seizures and not to be subjected to the use of excessive force, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution and entitles each Plaintiff to recover damages pursuant to 42 U.S.C. 1983. The conduct of the defendants which violated Plaintiffs' Fourth and Fourteenth Amendment rights included a conspiracy by one or more of the defendants to violate Plaintiffs' Fourth Amendment rights.

## SECOND CLAIM OF RELIEF

### (14th Amendment/42 U.S.C. § 1983) (Against all Defendants)

32.    Plaintiffs are informed and believe and thereon allege that the conduct of each defendant violated the rights of Plaintiffs to due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution and entitles Plaintiffs to recover damages pursuant to 42 U.S.C. § 1983. The due process violations include defendants' violations of provisions of California state law; concealing the facts of the incident; creating or causing to be created false and misleading official reports concerning the incident; and concealing, destroying and failing to preserve material evidence; all with the purpose and effect of impairing and diminishing Plaintiffs' ability to seek redress of grievances against them and to recover damages for the wrongs committed against them by defendants. The conduct of the defendants which violated Plaintiffs' Fourteenth Amendment rights included a conspiracy by one or more of the defendants to violate Plaintiffs' Fourteenth Amendment rights.

11

COMPLAINT FOR DAMAGES

## THIRD CLAIM OF RELIEF

(14th Amendment/42 U.S.C. § 1985(3)) (Against all Defendants)

33.     Plaintiffs are informed and believe and thereon allege that each police officer defendant agreed, understood and conspired with each other police officer defendant to deprive Plaintiffs of the equal protection of the laws under 42 U.S.C. 1985(3) based on a racial, ethnic, economic and/or class bias against Plaintiffs, and the governmental entity defendant could have, but negligently did not, prevent the violations of § 1985(3). Therefore, each police officer defendant is liable to Plaintiffs under 42 U.S.C. 1981, 1982, and 1985, and any governmental entity defendant and any supervisorial police defendant who had the power to but who did not prevent the violations of § 1985 are liable to each plaintiff pursuant to 42 U.S.C. 1986. Any governmental entity defendant and any police supervisorial defendant is liable to each plaintiff for all wrongs alleged in this Complaint under *Monell v. New York Department of Social Services, supra*. Plaintiffs are Black/Latinos and members of a minority group.

COMPLAINT FOR DAMAGES

WHEREFORE, Plaintiffs TRACY EVANSON, ESSENCE GUSS, JOURNEY ROJAS, and SHILO ROJAS pray for judgment as follows:

34. General damages in an amount to be proved;

35. Medical, doctor, psychiatric, pharmaceutical, and incidental expenses to be proved;

36. Punitive damages from Defendants CHRISTOPHER CONLEY, and DOES 1 through 10, inclusive;

37. Costs of litigation;

38. Attorney's fees and costs pursuant to Title 42, U.S.C. § 1988;

39. Such other and further relief as the court deems appropriate and just.

Dated: June 19, 2019

**LAW OFFICES OF JORGE GONZALEZ**
Attorney for Plaintiffs

By: /S/ *Jorge Gonzalez*

Jorge Gonzalez, Esq.

13

COMPLAINT FOR DAMAGES

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiffs hereby demand a trial by jury.

Dated: June 19, 2019

**LAW OFFICES OF JORGE GONZALEZ**
Attorney for Plaintiffs

By:  /S/ *Jorge Gonzalez*

Jorge Gonzalez, Esq.

COMPLAINT FOR DAMAGES



**Plaintiffs' residence (Bradford)**                                      **EXHIBIT A**



**Cottage residence (Kingsley)**                    **EXHIBIT B**



### THE CITY OF
# POMONA

Community Development Department
Building and Safety Division

02/09/2015

*Memo For The file and for Public Information*

*Subject: 935 Bradford St., Pomona, CA*

With regards to the property at 935 Bradford Street, the following is the status of this property:

As of this date, 935 Bradford has been converted into two units, one being the two-story, single family dwelling on Bradford St. and a second "cottage" facing Kingsley Ave. No additional units are authorized and any attempt to re-convert into multiple units is not permitted without Planning or Building Division approval.



Michael R. Neely
Principal Building Inspector
City of Pomona
505 S. Garey Ave.
Pomona, CA 91769

City Hall, 505 S. Garey Ave., Box 660, Pomona, CA 91769, (909) 620-2371  Fax (909) 620-2180
**Pomona • Vibrant • Safe • Beautiful**

**2/9/15 Authorization**                                          **EXHIBIT C**

POST THIS LICENSE IN A CONSPICUOUS PLACE

CITY OF POMONA

**BUSINESS LICENSE**

NO.   C99910

THIS IS A RECEIPT, NOT A BILL
CITY OF POMONA, CALIFORNIA
THIS STUB MAY BE DETACHED

ACCOUNT NO. 00142862          TYPE   RENEWAL          FEE CODE   RRD

**BUSINESS DESCRIPTION**   RESIDENTIAL RENTAL - DUPLEX

**DESCRIPTION ABOVE IS THE ONLY PERMITTED USE**

| | |
|---|---|
| ACCOUNT NO. | 00142862 |
| LICENSE NO. | C99910 |
| DATE PAID | 04/13/2016 |

LICENSEE   EVANSON   TRACY

BUSINESS
NAME AND       EVANSON. TRACY
MAILING
ADDRESS      935   BRADFORD ST.
             POMONA, CA 91767

| | |
|---|---|
| LICENSE FEE | 37.00 |
| BUSINESS PROMOTION DISTRICT TAX | 0.00 |
| PENALTY FEE | 0.00 |

BUSINESS      185 E. KINGSLEY AV.
LOCATION      POMONA, CA 91767

STATE LICENSE NO.

STATE SALES TAX

CERT. OF
OCCUPANCY          ZONING AT
HOME OCC.          LOCATION
PERMIT NO.         BUSINESS
                   USE CODE     6514

| | |
|---|---|
| TOTAL | 38.00 |

This License is Issued for Revenue Purposes. Transferal of the License to
NEW Owner or Location Cannot Be Made Without Approval of This

EXPIRES      03/31/2017

**REVENUE MANAGEMENT DIVISION**

This license is Issued with out verification that the Licensee is
subject to or exempt from licensing by the State of California

**Pomona 4/13/16 Business License**                    **EXHIBIT D**