# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY EVANSON, individually and as Guardian ad Litem of ESSENCE GUSS, JOURNEY ROJAS, and SHILO ROJAS,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF LOS ANGELES, a public entity; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; CHRISTOPHER CONLEY (#519471); and DOES 1 through 10, inclusive, individually and in their official capacity as deputy sheriffs,<br><br>Defendants. | Case No. 2:19-cv-5393 AB (MAAx)<br><br>**PROTECTIVE ORDER FOR PRODUCTION OF REDACTED FILE** |

Pursuant to the "Stipulation for Production of Internal Investigation File" (doc. 60) and good cause appearing, the Court orders as follows:

///

///

///

///

The following item should be produced pursuant to this Protective Order: the Los Angeles Sheriff's Department internal investigation file arising from the procurement and execution of the search warrant that culminated in the June 22, 2017 search of Plaintiffs' home except, however, the County of Los Angeles may redact those portions reflecting confidential third party information as to persons other than Plaintiffs, as well as the thoughts, conclusions and opinions of the investigating personnel.

The Court hereby expressly authorizes the County to produce any criminal history information in the file which pertains to Plaintiffs Tracy Evanson, Essence Guss, Journey Rojas, or Shiloh Rojas pursuant to California Penal Code § 13301(b). As to any such criminal history information that the County and/or LASD produces, Plaintiffs, having expressly authorized the release of the criminal history information, may not, and shall not, pursue any remedies under California and/or federal law against the County, the LASD, or their attorneys arising from the production of this information.

The use and dissemination of the item listed in this stipulation shall be limited to the prosecution and/or defense of claims in this lawsuit, and shall not be disclosed to persons other than the parties' counsel and their staffs, and consultants or experts retained by the parties in connection to this lawsuit.

It is the responsibility of counsel for the parties to inform all persons who receive the documents of the contents of this order and its restrictions.

If any of the documents are filed with the Court, the filing party must comply with L.R. 79-5 and file an application pursuant to L.R. 79-5.1 to file the papers – or the confidential portion thereof – under seal.

All documents produced pursuant to this stipulation and order, and any copies made of them, shall be returned to counsel for the County of Los Angeles no later than forty-five (45) days after the conclusion of the litigation (entry of final judgment,

appellate decision, or dismissal pursuant to a stipulation by the parties). If copies of the documents have counsel's notes on them they may be destroyed, and a certification of destruction, signed by Plaintiff's counsel under penalty of perjury, may be provided to counsel for the County of Los Angeles and filed with the Court within 45 days of the conclusion of the litigation in lieu of returning the documents.

DATED: August 13, 2020

_____
**HON. MARIA A. AUDERO**
United States Magistrate Judge